**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| IN RE STEVEN MADDEN LTD. | X | CIVIL ACTION NO. |
| SECURITIES LITIGATION | : | CV-00-3676 (JG) |
| | X | |

## ORDER RE: DISTRIBUTION OF CLASS SETTLEMENT FUND

**WHEREAS,** on May 25, 2004, this Court entered an Order and Final Judgment approving the terms of the Stipulation and Agreement of Settlement dated December 23, 2003 (the "Stipulation") and the Plan of Allocation; and

**WHEREAS,** this Court has directed the parties to consummate the terms of the Stipulation and the Plan of Allocation; and

**WHEREAS,** this Court has retained jurisdiction of this Action for the purpose of considering any further application or matter which may arise in connection with the administration and execution of the Settlement and the processing of Proofs of Claim and the distribution of the Net Settlement Fund to the Authorized Claimants.

**NOW, THEREFORE,** upon reading and filing the affidavit of D. Lee Janvrin, of Gilardi & Co. LLC, the Claims Administrator, and the memorandum of law, and upon all prior proceedings heretofore had herein and after due deliberation, it is hereby

**ORDERED,** that the administrative determinations of the Claims Administrator accepting the claims as indicated on the computer printout of accepted claims submitted with and described in the Affidavit of D. Lee Janvrin, including claims submitted after June 18, 2004 up until April 19, 2005, be and the same hereby are approved, and said claims are hereby accepted; and it is further

**ORDERED,** that the administrative determinations of the Claims Administrator rejecting the claims as indicated on the computer printout of rejected claims submitted with and described

in the Affidavit of D. Lee Janvrin be and the same hereby are approved, and said claims are hereby rejected; and it is further

**ORDERED**, that Gilardi & Co. LLC be paid the sum of $46,684 from the Settlement Fund for the balance of its fees and expenses incurred and to be incurred in connection with services performed and to be performed with respect to the administration and disbursement of the Net Settlement Fund; and it is further

**ORDERED**, that the balance of the Settlement Fund after deducting the payments previously allowed and set forth herein (the "Net Settlement Fund") shall be distributed to the eligible claimants listed on the computer printout submitted with the Affidavit of D. Lee Janvrin in proportion to the Recognized Claim allocable to each such eligible claimant as shown on such printout; and it is further

**ORDERED**, that the payments to be distributed to the accepted claimants shall bear the notation "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION 180 DAYS AFTER ISSUE DATE." Plaintiffs' Co-Lead Counsel and the Claims Administrator are authorized to take appropriate action to locate and or contact any eligible claimant who has not cashed his, her or its distribution within said time; and it is further

**ORDERED**, that the costs of such services to locate and reissue payments to such claimants shall be payable from the unclaimed/uncashed monies remaining in the Net Settlement Fund; and it is further

**ORDERED**, that, as provided in the Plan of Allocation previously approved by the Court, after one year after the initial distribution of the Net Settlement Fund to eligible claimants and after reasonable and diligent efforts have been made to have the eligible claimants cash their distributions, Plaintiffs' Co-Lead Counsel are authorized to distribute any funds remaining in the

**ORDERED**, that no claim submitted after April 19, 2005 may be accepted for any reason

whatsoever.

Dated: _____May 18_____, 2005

**BY THE COURT:**

s/John Gleeson
United States District Judge
